ALEXANDER SPICKOFSKY, NICHOLAS SPICKOFSKY, Jr., GEORGE SPICKOFSKY AND MICHAEL SPICKOFSKY, PROSECUTORS, v. BOARD OF ADJUSTMENT OF THE BOROUGH OF EAST RUTHERFORD AND BUILDING INSPECTOR OF THE BOROUGH OF EAST RUTHERFORD, RESPONDENTS.

Argued May 6, 1948—Decided August 23, 1948.

Before CASE, CHIEF JUSTICE, and Justices BURLING and JACOBS.

For the prosecutors, *Heller & Laiks* (*Aaron Heller,* of counsel).

For the respondents, *Albert V. D'Amato* (*Raymond Flanagan,* of counsel).

The opinion of the court was delivered by

JACOBS, J. This matter is before the court pursuant to a writ of *certiorari* to review a decision of the respondent, Board of Adjustment of the Borough of East Rutherford, dated July 17th, 1947, which denied permission to prosecutors to continue their garage business at 920 Paterson Avenue, East Rutherford.

In 1923, Nicholas Spickofsky purchased premises located at 920 Paterson Avenue, East Rutherford, and thereafter began using a garage, located on the premises, as an auto repair establishment. In 1934, he transferred the operation of the garage business to his sons who are the prosecutors herein and they have continued the operation of the business

to date. In 1947, a fire destroyed the roof and front doors of the garage building, leaving the three walls standing. Application was thereupon made to the building inspector of the Borough of East Rutherford for a permit authorizing repair of the building and for a certificate of occupancy authorizing the continued use of the building as an automobile repair garage. The building inspector denied these requests and prosecutors appealed to the Board of Adjustment. Under date of July 17th, 1947, the Board of Adjustment denied the relief sought by prosecutors advising them, in part, as follows:

"The Board of Adjustment has denied your application for a permit to continue your business at the above address. However, Mr. Hensch, Building Inspector, has been authorized to issue a permit to rebuild the garage for private use only."

It is not disputed that the premises in question are in a business zone and that under the borough's zoning ordinance, adopted in 1931, the operation of an automobile repair garage is permissible in such zone. However, the zoning ordinance provides that buildings in business zones must have a rear yard of at least 10% of the entire lot's depth. Prosecutors admit that their garage building does not have such rear yard but they contend that their garage structure was in existence, and in operation as an auto repair business, prior to the adoption of the ordinance in 1931 and that upon partial destruction, it may be repaired and its use continued under the provisions of *R. S.* 40:55–48. In answer the respondents urge (1) that the prosecutors did not, before the Board of Adjustment, assert the existence of a non-conforming use or structure and are, therefore, disqualified from advancing such contention before the court, and (2) that, in any event, the evidence does not establish that prosecutors' present building was in existence and in operation as a garage business at the time of the adoption of the ordinance in 1931.

1.

The hearing before the Board of Adjustment was very informal; witnesses were not sworn; prosecutors made brief statements; and objecting neighbors were heard. One of

these neighbors, who was called by respondents as a witness in the course of the taking of depositions for use before this court, testified that during the hearing before the Board of Adjustment the prosecutors stated that they had been operating their business for 24 years and wanted permission to continue their business. At the conclusion of its hearing the Board announced that its members would investigate the matter and render its determination. Members of the Board examined the premises and made certain interrogations. They were accompanied in their investigation by the respondent building inspector, who testified that he was aware of the fact that the prosecutors' garage building was in existence prior to the adoption of the ordinance in 1931 and had been used in the operation of a garage repair business prior to and since that date. In the light of the foregoing, we are satisfied that the issue as to whether prosecutors' garage building was a non-conforming structure was before the Board so as to require its consideration thereof.

2.

Respondents contend that the evidence before this court does not support a finding that the present garage building, which does not have the required rear yard, has been in existence since 1931. Although the testimony is in dispute on this issue, our examination of the entire record satisfies us that prosecutors' present garage building was erected prior to the adoption of the 1931 ordinance and has since its erection been operated as an auto repair shop. The direct testimony by prosecutors to this effect receives ample support from that of the respondent building inspector who testified, in 1947, that he had been building inspector for 16 to 17 years and that before 1931 the garage was being used for the repairing of automobiles. In answer to an inquiry as to whether it was the same garage that was on the premises prior to the fire he said, "That is right," and later in his testimony, he stated that the garage in question "was built before my time."

If, as respondents now suggest, prosecutors' present building were actually constructed after the adoption of the 1931

ordinance prosecutors would, at the time of construction, have been obliged to obtain appropriate building permit and certificate of occupancy. Nowhere do respondents suggest that such applications were made. Prosecutors admittedly have been operating their present building without rear yard for many years without interference by the borough authorities and it was only when they sought to repair the damage resulting from fire that municipal objections were voiced. All of these circumstances tend to confirm that prosecutors were maintaining and operating their garage building as a nonconforming structure in conformity with law.

In view of our finding that prosecutors' garage building was in existence prior to the adoption of the 1931 ordinance, it is clear, without considering other reasons advanced by the prosecutors, that they were entitled to restore their building as a non-conforming structure, to its former condition and continue, without enlargement, its former use and that the action of the respondents in denying them such relief was arbitrary and capricious. See *Weisman* v. *Spoerer* (*Supreme Court*, 1933), 11 *N. J. Mis. R.* 731; *Pierelli* v. *Johnson* (*Supreme Court*, 1945), 132 *N. J. L.* 576, 577.

The determination of the Board of Adjustment is reversed and set aside.